UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY BENNETT,

                        Petitioner,

            -against-                         21-CV-2068 (CM)

DANIELLE DILL, Psy. D. Acting                TRANSFER ORDER
Executive Director Central New York
Psychiatric Center

                        Respondent.

---

COLLEEN McMAHON, Chief United States District Judge:

      Petitioner, currently committed to the Central New York Psychiatric Center, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the constitutionality of a March 1, 2016 order of civil confinement in the New York Supreme Court, Queens County.[1] (*See* ECF 1, at 15.)

      Because the order to civilly commit Petitioner was issued in Queens County, which is located in the Eastern District of New York, this action is transferred in the interests of justice to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a); *see also* L. Civ. R. 83.3 ("Unless otherwise provided by statute, applications for a writ of habeas corpus made by persons under the judgment and sentence of a court of the State of New York shall be filed, heard and determined in the District Court for the district within which they were convicted and sentenced.").

      The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States

---

[1] Section 2254 is the proper vehicle to challenge the constitutionality of an order directing that an individual be civilly committed. *See Buthy v. Comm'r of Office of Mental Health of New York*, 818 F.2d 1046, 1051-52 (2d Cir. 1987) (petitioning for a writ of *habeas corpus* pursuant to § 2254 is the appropriate method for an individual to challenge the fact or duration of his involuntary civil commitment to a state psychiatric institution).

District Court for the Eastern District of New York. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 11, 2021
        New York, New York

                                        COLLEEN McMAHON
                                 Chief United States District Judge