```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ANTHONY BENNETT,<br><br>                    Petitioner,<br><br>          -against-<br><br>DANIELLE DILL,<br><br>                    Respondent. | 21-CV-2068 (CM)<br><br>ORDER |

COLLEEN McMAHON, United States District Judge:

Petitioner, who is proceeding *pro se*, filed this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. By order dated March 11, 2021, the Court transferred the action to the United States District Court for the Eastern District of New York. Seven days later, on March 18, 2021, the Clerk of Court effected the transfer, and on March 19, 2021, the Court received notice from the Eastern District of New York that it had received the action, assigning it case number 21-CV-1450.[1]

On March 26, 2021, the Court received Petitioner's motion for reconsideration, dated March 19, 2021, where he asks that the Court not process his petition until after it had received the filing fee, which the Court received on March 17, 2021. For the following reasons, the Court denies Petitioner's motion for reconsideration.

## DISCUSSION

The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to

---

[1] On April 23, 2021, the Eastern District ordered Respondent to show cause why the petition should not be granted. *Bennet v. Dill*, No. 21-CV-1450 (E.D.N.Y.) (Doc. No. 8.). On April 26, 2021, counsel for Respondent appeared and on June 15, 2021, requested an extension of time to respond to the Court's April 23, 2021, in which the Eastern District granted. *Id.* (Doc. Nos. 9, 11).

rule on motion following physical transfer of case). The transferor court only retains jurisdiction over the action if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995). Where an action is "hastily" transferred to a district court outside of the circuit, depriving a "diligent petitioner" from seeking mandamus in the circuit of the transferor court, the Court of Appeals retains jurisdiction to "order a district court in this circuit to request the transferee court to return the case." *Id.* Otherwise, once a case has been transferred to another district, a party opposing the transfer must seek reconsideration in the transferee court. *See, e.g.*, *Northwest Airlines Corp. v. City of Los Angeles*, Nos. 05-CV-17930 (ALG), 07-CV-2677 (RWS), 2008 WL 4755377, at *4 (S.D.N.Y. Oct. 28, 2008).

Under this Court's Local Civil Rule 83.1, "[i]n a case ordered transferred from this District, the Clerk, unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of the case to the transferee court." The purpose of this seven-day delay is "to allow the party opposing transfer . . . to seek rehearing or appellate review." *Id.*

At the outset, the Court notes that Petitioner does not challenge the Court's March 11, 2021 order transferring this action to the Eastern District of New York. Rather he requests that the Court delay opening this action until after it receives the filing fee. Ordinarily, the Court would deny such a motion as moot; the Court received the filing fee and transferred the action. But because this Court lacks jurisdiction to consider any motion filed after receipt of the matter by the transferee court (the Eastern District), the Court must deny the motion on that basis.[2] The Court therefore denies Petitioner's motion for reconsideration for lack of jurisdiction.

---

[2] Even if the Court were to rely on the date of Petitioner's motion, March 19, 2021, as the date in which he filed the submission, on that very same day, the Eastern District opened its action.

2

## CONCLUSION

Accordingly, Petitioner's motion for reconsideration (ECF 4) is denied.

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 14, 2021
        New York, New York

                                       COLLEEN McMAHON
                                      United States District Judge